## Trimble County Board of Education et al. v. Board of Trustees of Milton Graded Common School District.

(Decided May 16, 1933.)

MOSLEY & MOSLEY, R. F. PEAK and McCHESNEY & McCHESNEY for appellants.

J L. DONALDSON and G. A. DONALDSON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

This action was instituted by the trustees of the Milton graded common school district in Trimble county against the Trimble county board of education, the Madison Bridge Company, a corporation, H. L. Wright and J. A. Suddith, county clerk and sheriff, respectively, of Trimble county. It presents for determination the question as to whether the graded school district or the county school district is entitled to collect and receive for school purposes the taxes on a portion of the Madison bridge between the thread of the Ohio river

and the end of the bridge on the Kentucky side. This bridge spans the Ohio river between Milton, Ky., and Madison, Ind.

It is made to appear in the record that in 1912 the Milton graded school district, which includes the town of Milton, was duly established; the boundaries thereof being as follows:

"Beginning at the mouth of Spillman's lane on the Ohio river; thence up the County line to the foot of the hill on Canip creek; thence up the creek on the north side, excluding all houses on the creek; thence up John Neal's including him to the corner of the Foh farm including it; thence out the Mosley lane to Arm Mosley's including him; thence with his line to the corner of B. C. and Wm. Ashby land; thence in a westerly direction including the Ashby schoolhouse and Mrs. Ashby; thence to Wm. Buchanan, excluding him; thence to the Ben Snyder farm including it; thence to Mrs. Mollie Snyder west line including her; thence direct to the Ohio River; thence up the river to the place of beginning."

In the petition it is alleged that the boundary of the graded school district which has not been altered or changed since it was established includes all property, real and personal, of the Madison Bridge Company situated south of the thread of the Ohio river, and same is subject to taxation in that district; that no part of the property of the bridge company is subject to taxation for county school purposes except such as is situated north of the thread of the Ohio river and within the state of Kentucky; that the bridge exclusive of the approaches, is 3,180.5 feet in length, 730 feet of which is in the state of Indiana, and the remainder, which is south of the low-water level on the Indiana side, is in Trimble county; that 1,304.4 feet from the thread of the stream to the south, and something over 800 feet of approach to the bridge, is within the boundary of the graded school district, and 1,061.5 feet thereof, between the thread of the stream and the Indiana line, is in Trimble county school district; that the assessment of the property of the bridge company for taxation for the year 1931, as finally equalized by the county board of supervisors, was fixed at $600,000, and the graded school is entitled to collect taxes for that year on a total

assessment of $510,000 of the property of the bridge company at the rate of $1 per $100, or a total of $5,100; but that the county clerk has erroneously, arbitrarily, and wrongfully certified to the sheriff of the county only $54,918.15 of the assessment as being subject to taxation in the graded school district and the remaining $545,081.18 as subject to taxation for county school purposes.

The prayer of the petition is for writ of mandamus to compel certification and payment to the graded district the amount of taxes due it from the bridge company as indicated therein.

In addition to a general denial of the material allegations of the petition, the county board of education and H. L. Wright, county clerk, affirmatively alleged that the mouth of Spillman's lane as referred to in the boundary of the graded school district is several hundred yards south of the south low-water mark of the river, and that a public highway from Milton to Carrollton passes between that point and the river; that it was the intention and purpose in creating the graded district to fix the boundary south of the low-water mark, so as to exclude therefrom children of families living on the numerous house or shanty boats on the Kentucky side of the river.

The court sustained a demurrer to the answer, and, upon failure of defendants to amend or further plead, the answer was dismissed, plaintiff's motion for writ of mandamus was sustained, and plaintiff was adjudged entitled to all relief sought. The answering defendants are prosecuting this appeal.

That all the bridge company's property south of the low-water mark on the Indiana side of the Ohio river is subject to taxation for school purposes in Trimble county is not called in question. As indicated at the outset, only the apportionment of the assessment and the tax as between the county school district and the graded school district is involved, and, as a matter of course, the determination of that question necessarily depends upon the correct location of the northern boundary line of the graded school district. Disregarding technical objections directed at both the petition and answer by opposing counsel, we shall confine

our discussion solely to the decisive matter in controversy.

Counsel for appellee cite and rely with confidence on the case of City of Covington v. State Tax Commission, 231 Ky. 606, 21 S. W. (2d) 1010, as determining the correctness of the lower court's finding.

In that case, after an exhaustive review of authorities bearing on the question, it is held in effect that, in the absence of something in the instrument indicating a contrary purpose, private owners whose deeds call for a line such as roads, streets, streams, etc., having both length and width, own by construction or presumption to the center or thread of such physical line, unless it be a stream in which the tide ebbs and flows; and that this doctrine of extending the boundary of private owners by presumption or construction extends also to boundaries of municipal corporations.

Question is made as to whether, strictly speaking, a graded school district is a municipal corporation as contemplated in that opinion and authorities therein cited, but the conclusions we have reached render that a matter of no consequence.

By statutes providing for the establishment of graded common school districts (section 4464 et seq., Kentucky Statutes 1915 Edition) the legislature manifestly meant that the boundary of such districts should be definite and certain, since questions of taxation and the right to enjoy the benefits of the graded school are to be determined thereby. The statute specifically provided that no point in the boundary of any such district should be more than 2½ miles from the site of the school building, and that the site of the building should be set out with exactness. There are no such restrictions or limitations with respect to municipalities or taxing districts generally, and it is at once apparent why the general rule enunciated in City of Covington v. State Tax Commission, supra, cannot apply to boundaries of graded common school districts. Such boundaries must be definite and certain and may not be extended by construction or presumption, but any changes must be made in strict conformity with the statutes.

It is apparent that it was intended, and we are con-

strained to hold, that the northern boundary line of the Milton graded common school district runs from the low-water mark on the Kentucky side of the Ohio river to the mouth of Spillman's lane, wherever that may be. It therefore follows that the court erred in sustaining the demurrer to the answer.

Judgment reversed for proceedings in conformity with this opinion.